## NORTON v. NORTON *et al.*

**Conveyance : FATHER TO CHILDREN : UNDUE INFLUENCE : RESCISSION.** The facts in this case examined (see opinion) and *held* to show that conveyances made by an aged father to his children were procured by undue influence, and through a groundless fear on his part that he was about to be involved in litigation through which he might lose his property. Accordingly, the decree of the district court for a reconveyance of the property is affirmed.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, MARCH 10, 1888.

THIS is an action in chancery, by which the plaintiff seeks to set aside certain conveyances of real estate made to the defendants, who are his children. There was a trial in the district court upon the merits, and a decree for the plaintiff. Defendants appeal.

*J. W. Jamison*, for appellants.

*E. Keeler*, for appellee.

ROTHROCK, J.—The plaintiff is about seventy-six and his wife seventy-four years of age. They married in their youth, and acquired a farm of one hundred and sixty acres, and forty acres of timber land, some distance from the farm. The land was entered by the plaintiff and purchased from the government. They raised a large family of sons and daughters. About the year 1882, the plaintiff was stricken with paralysis, and since that time he has been unable to perform any labor, and requires constant attention. His wife is very feeble, and at times subject to sickness, and requires nursing and care. All of the evidence shows that, since the affliction of the plaintiff, he and his wife are two helpless old people, unable to care for themselves. In December, 1884, the plaintiff divided up his farm among his children, and made deeds to them for the parts allotted them respectively. At this time a son named Elihu, with his wife, were living in the house on the homestead, and taking care of the old people. The homestead forty acres were conveyed to Elihu, and thirty acres were conveyed to a son named James. All of the deeds reserved the right of possession of the land in the plaintiff during his life. The plaintiff claims that at the time he made the deeds he was weak in body and mind, easily imposed upon, and unable to make an intelligent disposition of his property, and that he was induced to make the deeds by his two sons, James and Elihu, in whom he had great confidence, and who had great influence over him. He further claims that he conveyed the homestead forty acres to Elihu, on the

promise by him to remain with the plaintiff, and keep and care for him during his life; that Elihu has broken his promise and moved away from the farm. He further claims that said two sons falsely represented to him that his son-in-law, named Gearhart, was about to commence an action against him for a large claim, and thereby induced him to convey his property, so as to defeat the claim of Gearhart; whereas, in truth and in fact, Gearhart never intended to assert a claim against him.

The evidence in the case is quite voluminous. We have given it a most careful consideration, and our conclusion is that the decree of the district court ought to be affirmed. In fact, all of the children to whom deeds were made are content with the decree, except James and Elihu, who alone appeal. The evidence shows quite clearly that the plaintiff was, to say the least, of weak mind when he made the deeds, and that by reason of the implicit confidence he placed in these two sons, they had the power to influence him to do acts which ought not to be binding upon him. We make no account of the promise of Elihu to support him during his life. There is one fact which stands out prominent through all the evidence. It is that the old man was impressed with the belief that Gearhart was about to prosecute a claim against him, which would sweep away all his property; and there is no doubt in our minds that the appellants knew that their father was laboring under this delusion. The haste with which the deeds were made, and the anxiety of the old man to have his property out of his name, was known to them. They knew that Gearhart had before that lived with the plaintiff, and taken care of him and his wife, and that he moved away because, as he alleged, he was not paid for his services. Now, even if appellants did not actively promote the fear of financial disaster which the plaintiff believed might overtake him, they knew of it —knew of his weak and dependent condition; and they ought not to be allowed to take advantage of the infirmity and delusion of their father. One of the most

potent facts showing that the old man was almost an imbecile is that he supposed that, if he would convey his property to his children without consideration, it would be free from any claim Gearhart might have against him. When he became dissatisfied with the transaction, these two appellants expressed a willingness to reconvey the property if the other children would do so. The decree in the court below against the others operates as a reconveyance by the others, and we think that plaintiff should be reinvested with the title to the whole farm.

AFFIRMED.