IDA P. GUENTHER, Appellant, v. NEVA K. KURTZ, Appellee.

**DEEDS: Validity—Duty to Set Aside Fraud-induced Deed.** When a
1   deed has been manifestly obtained by the fraud of the grantee, and
    without consideration, a court of equity must set it aside, on a distinct prayer for such relief, and not assume to reform it, without any prayer therefor, and decree a life interest in the defrauded grantor.

**DEEDS: Validity—Fraud—Impeaching Recited Consideration.** The
2   general recital in a deed of conveyance of a valuable consideration
    may be impeached, in an action to cancel the deed for fraud, by showing that no consideration passed, and by showing that the only relation of grantor and grantee was that of aunt and niece.

Headnote 1:  18 C. J. pp. 225, 227, 228; 34 Cyc. p. 976.  Headnote 2: 18 C. J. p. 432.

Headnote 1:  8 R. C. L. pp. 494, 496.  Headnote 2:   68 L. R. A. 930; 8 R. C. L. 969.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 15, 1927.

Action in equity, commenced by plaintiff (appellant), to cancel a deed to certain real estate executed by appellant to appellee, which deed, it is alleged, although absolute in form, was without consideration and fraudulent. The trial court determined the equity to be in favor of the defendant-grantee, and adjudged and decreed that the said deed be reformed, and reserved to the grantor "the use of said premises during her lifetime, said grantor to pay from the rents and profits accruing therefrom the taxes and ordinary repairs necessary for the preservation of the property." The plaintiff appeals.—*Reversed*.

*William Schweiker*, for appellant.

*J. L. Thomas* and *Don E. Neiman*, for appellee.

DE GRAFF, J.—The prayer of plaintiff in her petition is that the defendant "be ordered to reconvey said premises to the plaintiff." In brief, the plaintiff asks for the cancellation of the deed in question. There was no prayer for reformation. There was no competent evidence which warrants the finding made by the trial court and embodied in the decree entered, reserving to the grantor a life estate. The plaintiff is entitled to cancellation if she is entitled to anything. We first turn to the facts.

1. DEEDS: validity: duty to set aside fraud-induced deed.

At the time the deed was executed, the appellant, Ida P. Guenther, was a resident of Des Moines, a widow about 69 years of age, and with no children. She had spent practically 40 years of her life at hard labor on a 6-acre truck garden in East Des Moines. The first 30 years of her life she had lived in Germany, which was the country of her nativity. Her education was quite limited, and prior to the death of her husband, she had little, if any, business experience.

The appellee, Neva K. Kurtz, is her niece, with whom she had a slight personal acquaintance. In fact, she had not seen the niece since the latter was a little girl. At the time of the transaction in question, the niece, who was employed as a domestic in the home of a Mrs. McDonald, was 22 years old. The appellee's father, Oswald Kurtz, was the brother of appellant.

He came to Des Moines at the special instance and request of his daughter Neva, and for the apparent purpose of consummating the arrangement which was subsequently evidenced by the execution of certain deeds, including the one in suit.

It further appears that the appellant was the legal title holder, under the will of her husband, to three different parcels of real estate situated in Des Moines. One of these parcels, conveyed in fee to appellee, is a residence property locally known as Lot 32, Drake University Addition to the city of Des Moines, and valued at between three and four thousand dollars.

On the 27th day of March, 1922, the brother, accompanied by his daughter Neva, drove to the residence of the appellant, and took the appellant to the office of a Mr. Lowenberg in the city of Des Moines. This was not done at the request of Mrs. Guenther. At that time and place, it was represented to the appellant by her brother that it was necessary for her to sign certain papers, in order that she could avoid trouble which a sister-in-law was attempting to cause her by commencing a contest of the will of appellant's deceased husband. It further appears that at that time and place there were presented to the appellant certain instruments in writing, of which she had no previous knowledge, and concerning which no explanation was made, except that she should sign same, to avoid future trouble. These instruments were not read to her, nor were the true contents thereof explained. She did sign, and a notary public, who did not know her, and who could not subsequently identify her, took her acknowledgments. The appellant did not learn their import until a considerable time later, when she went to the office of the county treasurer in 1925, to pay her taxes. Forthwith, she demanded the return of the papers she had signed. She had then learned that two of her properties had been conveyed by warranty deed to her brother, who had engineered the deal at Lowenberg's office, and that the third property had been conveyed to appellee. In passing, it may be said that the brother did reconvey to the appellant the two parcels of real estate which, on the mentioned occasion, had been deeded by the appellant to him. The record is silent as to any further connection with the brother, as he did not appear as a witness upon the trial of this cause.

The appellee, Neva, refused to comply with the demand of

the appellant, and claims that the deed constituted a gift to her. In the light of the record facts, we have no hesitation in holding that the contention of the appellee is not sustained, and that the deeds were fraudulent in their inception, and were without consideration.

The deed to Neva recited, as a consideration, "the sum of valuable consideration and one dollars, in hand paid by Neva K. Kurtz." The appellant denies that even the sum of one dollar was received by her. This deed purports to be founded on a valuable consideration, and it may be impeached by showing that no consideration was paid. The relationship of aunt and niece between the grantor and the grantee is not sufficient to constitute a valuable consideration. *Deloach v. Turner,* 7 Rich. (S. C.) 143; *Buford's Heirs v. McKee,* 1. Dana (Ky.) 107; *Hayes v. Kershow,* 1 Sandf. Ch. (N. Y.) 258.

2. DEEDS: validity: fraud: impeaching recited consideration.

Furthermore, the consideration recited in the deed is grossly inadequate; and when this fact is coupled with the mental and physical impairment of the grantor, as is shown in the instant case, equity will not permit the deed to stand. This bears on the question of fraud. See *Casaday v. Bickford,* 183 Iowa 973; *Galbraith v. McLaughlin,* 91 Iowa 399; *Herron v. Herron,* 71 Iowa 428.

The evidence clearly discloses that the instruments were signed by the grantor through a groundless fear on her part that she was about to be involved in litigation and that the possibility existed that she would lose her property. A representation of a fact as existing, which does not exist, whereby a deed or contract is procured, is an indicium of fraud. *Bruguier v. Pepin,* 106 Iowa 432; *Norton v. Norton,* 74 Iowa 161.

It must also be remembered that the grantor had no independent advice in the matter. Her attorney was not consulted, and it would appear that the grantee and her aids saw to it that no independent advice or counsel should be secured. The grantor was as inexperienced in business matters as a child. She was unable to speak or understand the English language with ease. It was quite natural for her, in her then condition, to rely upon her brother and her niece, when she was told that steps would be taken by a certain relative to take her property from her. Implicit confidence could be expected from this old

lady under such circumstances. Whether we view the transaction as within the zone of fraud or undue influence, it makes little difference. Sufficient that, from the circumstances, imposition or undue influence will be inferred. *Allore v. Jewell*, 94 U. S. 506; *Jordan v. Cathcart*, 126 Iowa 600.

It cannot be said that the grantee Neva Kurtz was entitled to the bounty of the appellant. She was almost a total stranger to the appellant. It is also shown that the appellant had not been in personal association with her brother, Oswald Kurtz, the grantee in the other two deeds. The appellant did not know where her brother lived. He was, in fact, a resident of St. Louis, Missouri. He had made a trip to Des Moines for a special purpose, and, his plan having been completed within his visit of two days, he returned to his legal domicile. The entire transaction is undeniably shown to have been improvident on the part of the appellant. She received nothing, and surrendered title to all of the real estate of which she was then seized. It was the very property that her deceased husband had left her for her support and comfort in old age. The instruments were the deeds of an aged and infirm person, executed to one who was in a position to exercise influence over her, and who, in fact, misrepresented not only *suggestio falsi*, but *suppressio veri*. After the execution of the deeds in question, the appellant-grantor remained in possession of said real estate at all times subsequent thereto, and exercised all the incidents of ownership. She collected rents, made repairs, paid taxes, and met with no objection from either of the grantees in the deeds.

We have said enough. This is a case wherein equity will grant the relief prayed. The deed in question is subject to cancellation. The grantor is entitled to have restored to her the fee. The decree entered by the trial court is—*Reversed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.